UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| NORTH ATLANTIC SEAFOOD, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:04-88-DBH |
| | ) | |
| ADELBERT GROSS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF DECISION ON DEFENDANT'S
LETTER MOTION FOR CLARIFICATION**

On February 24, 2006, the Court received a letter from Adelbert Gross (Docket No. 115) requesting some clarification on the scope an injunctive remedy imposed against him in the Court's judgment entered January 17, 2006. I have construed the letter as a motion for clarification and North Atlantic Seafood has been provided an opportunity to respond. I now deny the motion.

**Facts**

The judgment that is the subject of the motion for clarification was entered pursuant to a stipulation of the parties. Among other things, it provides as follows:

> An injunction is hereby entered against Adelbert Gross, North Atlantic Seafood, Inc., a/k/a Granite Street Lobster, Inc., for a period of five (5) years from the date of this Order. These Defendants are prohibited from engaging in "lobster sale activities," defined as the sourcing, pounding, processing, wholesaling and retailing of lobster and related materials. Said Defendants are further prohibited from being employed by, acting as a consultant to, or officer or director of, or investing money in (other than owning stock in publicly traded companies), or loaning money to, or otherwise assisting directly or indirectly any person or entity engaged in any aspect of lobster sale activities with whom North Atlantic Seafood, LLC has transacted any business since April 1, 2001.

Mr. Gross would like to know what he may do "in the form of employment since somehow I need to make a living." (Docket No. 115 at 1.) In particular, he would like to know whether it is "permissible for me to work for a company [] in the capacity of baiting up the boats, loading trucks, [and] off loading boats, since none of this would be in the realm of buying and selling." (Id.) North Atlantic Seafood objects to the request because it amounts to a request for an advisory opinion. (Pl.'s Opp'n Mem. at 1-2.)

Because the letter presents only a hypothetical controversy, affording Mr. Gross an answer would amount to an advisory opinion, which is an inappropriate exercise of judicial power. See, e.g., Osediacz v. City of Cranston, 414 F.3d 136 , 139 (1st Cir. 2005). Whether or not a particular activity will run afoul of the injunction would be a matter of proof for North Atlantic Seafood to meet should it decide to seek an order enforcing the injunction[1] based on the facts and circumstances that develop. Conversely, should Mr. Gross obtain employment he could theoretically bring an action in the nature of a declaratory judgment, seeking a court ruling vis-à-vis specific circumstances. What the court cannot do is provide "advice" about what Mr. Gross can do to earn a living. At this juncture Mr. Gross has a far better understanding about what "sourcing, pounding, processing, wholesaling and retailing of lobster" means in the industry vernacular than does this court. Presumably he also knows or could find out whether he is assisting any entity with whom North Atlantic Seafood, LLC has transacted business since April 1, 2001. The language of the injunction is specific and it is those specific things that Mr. Gross is prohibited from doing. Were plaintiff to bring a motion seeking to enforce the injunction, the court would then decide, *based upon the actual evidence presented at a hearing*

---

[1] Mr. Gross would like to know what an injunction is. According to Black's Law Dictionary, an injunction is "a court order commanding or preventing an action." Black's Law Dictionary 800 (8th Ed. 2004). Deliberate disobedience vis-à-vis a known court order can result in the imposition of sanctions, including civil contempt of court.

*on the motion,* whether the injunction had been violated.  Part of that evidence would necessarily involve the parties' explanation of the meaning of these specific terms within the lobster industry.  The motion is **DENIED**.

*So Ordered.*

## CERTIFICATE

The parties shall submit any appeal of this Order to the Clerk of this Court in accordance with Federal Rule of Civil Procedure Rule 72 (a).

Dated March 31, 2006

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge