UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NORTH ATLANTIC SEAFOOD LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04-cv-00088-DBH |
| | ) | |
| ADELBERT GROSS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION**

A disclosure hearing was commenced before me on September 1, 2011, and the hearing was recessed and continued until October 3, 3011, in order to allow the judgment creditor to investigate the feasibility of obtaining a turn over order from the judgment debtor who described himself as the "owner" of Stonington Sea Products, LLC. (I questioned the nature of that "ownership" interest as it appeared from the testimony presented that the business was largely subject to state development grants and had been fully financed by the State of Maine.) Following the disclosure hearing the parties continued to negotiate between themselves and rather than proceed as was anticipated during the disclosure hearing, they have instead presented to the court an agreed to contract for the payment of the judgment by an alternative means. A copy of the original signed contract is attached to this recommended decision and made a part of it.

While the judgment debtor's counsel has not signed the consented to proposed order, the judgment debtor has signed it. At the disclosure hearing he told me he consulted with an attorney prior to coming to that hearing and that he understood that a $1.2 million dollar judgment had been returned against him. The consented to Order is favorable to the debtor in that if he makes payments in accordance with the terms of the Order, almost one-half of the

judgment will be forgiven. By the end of twenty years the creditor will accept $720,000.00 in payments in full satisfaction of the judgment, assuming that the debtor remains current with his $3,000.00 monthly obligation for 240 months. The Order has other provisions limiting the judgment debtor's ability to engage in any occupation for any purpose relating to lobsters. This prohibition is closely related to the conduct underlying the original lawsuit and apparently the debtor has agreed to be bound by this limitation in order to allow his nephew, Brent Oliver, to continue to engage in the lobster business. I do not know the details of that relationship nor was it explained during the disclosure hearing. Nevertheless the parties have agreed to proceed under this consent agreement and I can see no reason why this court should not adopt their agreement as a binding order of the court. Accordingly, I recommend that the court adopt the proposed Consent Order as a dispositive order resolving the disclosure hearing commenced on September 1, 2011. Upon notification that this recommended decision has been approved, I will cause my electronic signature to be affixed to the Order as contemplated by the parties' proposed order.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 31, 2011 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge